```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X

HITACHI AMERICA, LTD.,              :

                Plaintiff,          :    09 Civ. 8045 (VM)(HBP)

     -against-                      :    MEMORANDUM OPINION
                                         AND ORDER
STEADFAST INSURANCE COMPANY         :
and Intervenor, AKER KVAERNER
SONGER, INC.,                       :

                Defendants.         :

-----------------------------------X
```

PITMAN, United States Magistrate Judge:

I write to resolve the parties' conflicting letter applications for a protective order and to compel discovery.

This is an action on two performance bonds issued by defendant Steadfast Insurance Company ("Steadfast") in connection with the construction of a power plant in Council Bluffs, Iowa. Hitachi America, Ltd. ("HAL") was retained as the engineering, procurement and construction subcontractor, and HAL, in turn, subcontracted certain work to Aker Kvaerner Songer, Inc. ("AKSI"). AKSI then subcontracted some of the work it was to perform under its contract with HAL to AZCO, Inc. ("AZCO"). Steadfast issued Bond SGD 5087943-00 in favor of AKSI; it provided coverage against certain losses paid as a result of a default by one or more of AKSI's subcontractors. Steadfast

subsequently issued a second bond, Bond SGD 5087968-00, in favor of HAL; it provided coverage against certain losses paid as a result of defaults by AKSI on the project.  HAL was subsequently added as an insured on the first bond, conditioned on HAL's faithful performance of its contractual obligations to AKSI and excluding coverage for any costs or expenses incurred as a result of a default by AKSI.

Disputes arose among HAL, AKSI and AZCO as to the performance of each under the contracts.  These disputes have now been resolved in an arbitration that was conducted in two phases. Phase I of the arbitration resulted in a net award against HAL in the amount of approximately $8.6 million; the arbitrator's award with respect to Phase I has been confirmed by the United States District Court for the Southern District of Iowa.  HAL moved to set aside the order confirming the award, arguing that it was denied adequate discovery in the arbitration and that AKSI produced altered documents in the arbitration.  The District Court in Iowa denied that motion earlier this month. <u>Hitachi America, Ltd. v. Aker Kvaerner Songer, Inc.</u>, No. 1-09-cv-32-CTW-RAW (S.D. Iowa April 6, 2011).  The arbitrators also recently issued a decision resolving Phase II of the arbitration; that decision resulted in a net award in favor of HAL in the amount of approximately $6 million. The District Court in Iowa has not yet

acted with respect to the arbitrators' decision concerning Phase II.  In general terms, the arbitrators found that HAL was responsible for some of the losses and that AKSI and AZCO were responsible for others.

The arbitration proceedings among HAL, AKSI and AZCO were lengthy and extensive.  Discovery in the arbitration spanned more than three years.  Millions of pages of documents were produced, more than eighty depositions were conducted and there were fifty-nine days of evidentiary hearings.  The arbitrators' decision with respect to the Phase II issues is more than seventy-five pages long and provides detailed explanations for their conclusions.

Notwithstanding the results of the arbitration, HAL seeks here to recover all of its claimed losses from Steadfast.[1]  Although this action was commenced in 2009, it was stayed until December of last year to prevent interference with Phase II of the arbitration proceeding.  In December, 2010, the parties completed their submissions in the arbitration proceeding, and I lifted the stay of this action (Docket Item 80).  Immediately after the stay was lifted, HAL served broad discovery requests seeking, among other things, virtually every non-privileged

---

[1] AKSI has intervened in this action because Steadfast has a potential subrogation claim against it if HAL prevails here.

3

document concerning the underlying contract disputes that was requested but not produced in the arbitration proceeding. By proceeding in this manner, HAL has effectively incorporated by reference and re-asserted here the one hundred twenty document requests that it served in the arbitration proceeding.

Steadfast and AKSI contend that the arbitration decisions will be dispositive of HAL's claims in this action and intend to move for summary judgment on the ground of collateral estoppel. They contend that proceeding with the wide-ranging discovery HAL seeks will be burdensome and expensive and will be unnecessary if they prevail on their contemplated motion for summary judgment. Thus, Steadfast and AKSI seek a protective order substantially limiting discovery until their summary judgment motion is resolved. HAL, on the other hand, contends that collateral estoppel is not applicable here because it did not have a full and fair opportunity to litigate in the arbitration proceeding. Thus, HAL seeks to enforce its discovery requests.

Under both federal and New York law,[2] the doctrine of collateral estoppel requires, among other things, that the party against whom the doctrine is asserted had a full and fair oppor-

---

[2] None of the parties' submissions address the choice of law issue.

tunity to litigate the pertinent issue in the prior proceeding. Curry v. City of Syracuse, 316 F.3d 324, 331 (2d Cir. 2003) ("[u]nder New York law, collateral estoppel prevents a party from relitigating an issue . . . . (1) identical to an issue already decided (2) *in a previous proceeding in which that party had a full and fair opportunity to litigate*" and where (3) "the issue that was raised previously [is] decisive of the present action" (internal quotation marks and citations omitted and emphasis added)); Boguslavsky v. Kaplan, 159 F.3d 715, 720 (2d Cir. 1998) ("Under federal law, a party is collaterally estopped from relitigating an issue if a four-part test is met: (1) the identical issue was raised in a previous proceeding; (2) the issue was actually litigated and decided in the previous proceeding; (3) *the party had a full and fair opportunity to litigate the issue*; and (4) the resolution of the issue was necessary to support a valid and final judgment on the merits." (internal quotation marks and footnote omitted and emphasis added)); accord King v. Fox, 418 F.3d 121, 129-30 (2d Cir. 2005).  Although collateral estoppel is an affirmative defense, see Curry v. City of Syracuse, supra, 316 F.3d at 330-31; Colon v. Coughlin, 58 F.3d 865, 869 (2d Cir. 1995), where it is clear from the face of a complaint that a claim is barred by a prior judgment, the complaint may be dismissed prior to any discovery pursuant to Rule 12.

5

Conopco, Inc. v. Roll Int'l, 231 F.3d 82, 86-87 (2d Cir. 2000). "The party asserting issue preclusion bears the burden of showing that the identical issue was raised and necessarily decided in a previous proceeding, while 'the party against whom the doctrine is asserted bears the burden of showing the absence of a full and fair opportunity to litigate in the prior proceeding.'" Narumanchi v. American Home Assur. Co., 317 F. App'x 56, 58-59 (2d Cir. 2009) (applying New York law), citing LaFleur v. Whitman, 300 F.3d 256, 272 (2d Cir. 2002) and Colon v. Coughlin, supra, 58 F.3d at 869; accord Webster v. Wells Fargo Bank, N.A., 08 Civ. 10145 (LAP), 2009 WL 5178654 at *9 (S.D.N.Y. Dec. 23, 2009) (Preska, D.J.); V'soske, Inc. v. Vsoske.com, 00 Civ. 6099 (DC), 2001 WL 546567 at *6 (S.D.N.Y. May 23, 2001) (Chin, D.J.). A collateral estoppel defense may be predicated on an arbitration award whether or not the award has been judicially confirmed. Jacobson v. Fireman's Fund Ins. Co., 111 F.3d 261, 267 (2d Cir. 1997)(applying New York law).

      The Court of Appeals has held that, at least in some circumstances, the party resisting the application of collateral estoppel on the ground that it did not have a full and fair opportunity to litigate in an arbitration is entitled to conduct discovery on that issue before the court adjudicates the applicability of the defense. PenneCom, B.V. v. Merrill Lynch & Co.,

372 F.3d 488, 493 (2d Cir. 2004). Thus, I conclude that the most prudent course is to permit HAL to take some discovery here. However, the discovery requests that HAL has served seek plenary discovery concerning _all_ the issues resolved in the arbitration and are far too broad. If Steadfast and AKSI are correct that HAL is bound by the results of the arbitration, requiring the production of the discovery sought by HAL will be extremely wasteful.

Accordingly, within fourteen 14 days of the date of this Order, HAL is to identify with particularity the specific bases on which it claims it did not have a full and fair opportunity to litigate in the arbitration proceedings, and to serve amended discovery requests limited to those issues.[3] Steadfast and AKSI's application for a protective order with respect to

---

[3] In reaching this result, I have considered whether I am requiring HAL to identify facts in the exclusive possession of its adversary, and I conclude that I am not. HAL was intimately involved in the underlying project for several years, and, as noted above, participated in an arbitration that lasted three years and in which extensive discovery was conducted. If HAL has a colorable argument that it was denied a full and fair opportunity to litigate, it must know the bases for that argument. HAL is not being required to identify facts that are in the exclusive possession of its adversary.

HAL's pending discovery requests is granted. HAL's application to compel discovery is denied.

Dated: New York, New York
       April 15, 2011

SO ORDERED

_____
HENRY PITMAN
United States Magistrate Judge

Copies transmitted to:

George J. Tzanetopoulos, Esq.
Baker & Hostetler LLP
Suite 3100
191 North Wacker Drive
Chicago, Illinois 60606-1901

Paul L. Langer, Esq.
Proskauer Rose LLP
Suite 3800
70 West Madison
Chicago, Illinois 60602

David J. Krebs, Esq.
Charles A. Nunmaker, Esq.
Krebs, Farley & Pelleteri, P.L.L.C.
Suite 2500
400 Poydras Street
New Orleans, Louisiana 70130

Robert W. Muilenburg, Esq.
Tucker Eliis & West LLP
1150 Huntington Blding
925 Euclid Avenue
Cleveland, Ohio 44115

Katie Pfeifer, Esq.
Dorsey & Whitney LLP
Suite 1500
50 South Sixth Street
Minneapolis, Minnesota  55402-1498

Neil E. McDonell, Esq.
Dorsey & Whitney LLP
250 Park Avenue
New York, New York  10177